IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ENCARNACION CHAVEZ-MONTEMAYOR, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 321-034 |
| STACEY N. STONE, Warden, | ) ) | |
| Respondent. | ) ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in McRae Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. Because Petitioner did not respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.     BACKGROUND**

On December 17, 2013, Petitioner was sentenced in the United States District Court for the Southern District of Texas to a 174-month term of imprisonment for Possession with Intent to Distribute a Quantity Exceeding Five (5) Kilograms ("Sentence #1"). (Doc. no. 1-1, pp. 5-9); USA v. Chavez-Montemayor, 1:07-CR-379-9 (S.D. Tex., Jan. 17, 2014). On May 27,

2015, around seventeen months into the 174-month term, Petitioner was sentenced in the United States District Court for the Western District of North Carolina to a 188-month term of imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute at Least 5 KG of Cocaine ("Sentence #2"). (Doc. no. 1-1, pp. 10-12); USA v. Chavez-Montemayor, 3:10-CR-039-1 (W.D.N.C., May 27, 2015). At the time of sentencing, the Court ordered the 188-month term to run concurrently with the previously imposed term in 1:07-CR-379-9. (Doc. no. 1-1, p. 11.)

When sentences are served concurrently, as is the case here, the Bureau of Prisons (BOP) first adds the term for the first sentence to the date that sentence was imposed, producing the full-term release date. (Doc. no. 4-1, p. 3). Then, the BOP does the same for the second sentence. (Id.) The BOP finds the difference between the full-term release dates for the first and second sentences. (Id.) The sum of that difference plus the first sentence term length is the total aggregate length of the sentences. (Id.) The BOP did so for Petitioner, finding a difference of 954 days between the full-term release dates for Sentence #1 and Sentence #2. (Id.) Adding those 954 days to Sentence #1's 174-month term puts the total aggregate length of Petitioner's sentence at 17 years, 1 month, and 10 days, not discounted for any prior custody credit or good conduct time. (Id.) Petitioner's projected release date after credit for good conduct time is August 14, 2024. (Doc. no. 1-1, p. 3.)

Through the BOP administrative grievance procedure, Petitioner demanded credit be awarded towards Sentence #2 for the approximately seventeen months spent in custody from December 17, 2013, to May 27, 2015, which was credited towards Sentence #1. (Doc. no. 1-1, pp. 13-15.) The administrative process concluded Petitioner's sentence was properly calculated, and Petitioner is not entitled to any additional time credits against his sentence. (Id.

2

at 16, 19-20, 22-23.)

Petitioner now files a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging BOP's sentence computation. (Doc. no. 1.) Respondent moves to dismiss the petition, arguing Petitioner is not entitled to additional credit for time spent in custody from December 17, 2013, to May 27, 2015, and Petitioner's projected release date is correct. (See generally doc. no. 4.)

## II. DISCUSSION

### A. Commencement of Petitioner's Federal Sentence

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of Sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Court starts its analysis with a determination of "the date the sentence commences." Id. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Petitioner was sentenced for a 174-month term to begin on the earliest date possible, December

17, 2013.  (Doc. no. 1-1, pp. 1, 6.)  While incarcerated during Sentence #1, Petitioner was sentenced by the Western District of North Carolina to serve 188 months starting on the earliest date possible, May 27, 2015.  (Id. at 2, 11.)  Because Petitioner's time for Sentence #2 "cannot begin prior to the date" Sentence #2 is pronounced, Petitioner cannot receive credit for Sentence #2 for time served prior to May 27, 2015.  Coloma, 445 F.3d at 1284.

### C. Prior Custody Credit for Time Served Prior to Commencement of Federal Sentence

Having determined Petitioner's second sentence commenced on May 27, 2015, the Court turns to the question of prior custody credit.  Petitioner asks the Court to award him prior custody credit for December 17, 2013, to May 26, 2015, which is the time between the start of Sentence #1 and the start of Sentence #2.  (Doc. no. 1, p. 6-7.)  However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner has already received credit for the time served between December 17, 2013, and May 26, 2015.

"The Eleventh Circuit has examined the meaning of the term 'concurrent' and has concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively."  DiVito v. Wells, 3:11-CV-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) *report and recommendation adopted*, 3:11-CV-005, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011) (citing Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (*per curiam*)).  Accordingly, the 525 days spent in prison between December 17, 2013, and May 26, 2015 can only be credited towards Sentence #1, since Sentence #2 began on May 27, 2015.

Therefore, contrary to Petitioner's claim, Petitioner has indeed received the 525 days

of credit from December 17, 2013 through May 26, 2015, on Sentence #1.  Because that time was credited against Petitioner's first sentence, he is not entitled to double credit for that time on Sentence #2.  See United States v. Wilson, 503 U.S. 329, 336-37 (1992) (no double credit for detention time); Coloma, 445 F.3d at 1284; (Doc. no. 4-4.)  Therefore, Petitioner is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 29th day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA